## STATE v. JOHN HOPKINS, JR.

198 N. W. 2d 542.

June 16, 1972—No. 42926.

C. Paul Jones, State Public Defender, and Mollie G. Raskind, Assistant State Public Defender, for appellant.

Warren Spannaus, Attorney General, William B. Randall, County Attorney, and Darrell C. Hill, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Kelly, JJ.

PER CURIAM.

Defendant appeals from the judgment of conviction for aggravated assault, upon his plea of guilty, asserting that no factual basis for his plea was disclosed and that he did not understand the nature and elements of the offense, resulting in a manifest injustice. Chapman v. State, 282 Minn. 13, 162 N. W. 2d 698 (1968).

Defendant was charged with aggravated rape, aggravated by pulling a knife to overcome the resistance of his victim. His privately retained counsel negotiated the plea of guilty to the lesser offense of aggravated

assault, which defendant admits he discussed with his counsel. His answers to questions by the prosecutor disclose a factual basis for the plea even though no question was specifically directed to the element of intent. State v. Jacobs, 292 Minn. 41, 192 N. W. 2d 816 (1971). It may be presumed that his counsel informed him of the nature and elements of the offense, State v. Feather, 288 Minn. 556, 181 N. W. 2d 478 (1970), and his understanding may additionally be assumed from the fact that he had been convicted of the same offense of aggravated assault in another county just one month earlier, Oksanen v. State, 290 Minn. 530, 187 N. W. 2d 771 (1971).

Affirmed.