STATE v. GROVER AUGUSTUS DICKSON.

199 N. W. 2d 423.

June 30, 1972—No. 42886.

*C. Paul Jones,* State Public Defender, and *Rosalie E. Wahl,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Kelly, JJ.

PER CURIAM.

Defendant was charged with aggravated robbery for his participation in the armed robbery of a grocery store. Minn. St. 609.245 and 609.05. He pleaded guilty to the lesser offense of simple robbery, Minn. St. 609.24, for which an indeterminate sentence of up to 5 years was imposed. He appeals from the judgment of conviction and also seeks review of a postconviction order denying his petition to withdraw his plea, the matter having been remanded, during the pendency of his direct appeal, for an evidentiary hearing on such application.

Defendant claims that no factual basis for the plea was disclosed on the record and that he did not understand the nature and elements of the offense. The factual basis for the plea is found in defendant's admission that he drove the getaway automobile from the store, knowing that his companion had just robbed the store. Although he asserts that he did not know that the robbery was to occur and was therefore no more than an accomplice after the fact, it appears from the transcript of his preliminary hearing, introduced at the postconviction hearing by stipulation, that his companion had testified that the two had planned the robbery in advance, the defendant to serve in the role of driver of the robbery vehicle. As in North Carolina v. Alford, 400 U. S. 25, 91 S. Ct. 160, 27 L. ed. 2d 162 (1970), due process was not denied defendant by the acceptance of his plea of guilty in circumstances where, had he stood trial, he may well have been convicted and sentenced to a term of as much as 10 years. Defendant had a prior criminal record and was here represented by highly experienced defense counsel, so it is presumed that he was advised and knew of the nature and elements of the offense. State v. Hopkins, 293 Minn. 522, 198 N. W. 2d 542 (1972). He did acknowledge on the record that he had been fully advised.

Defendant claims that he pleaded guilty only in reliance upon the unfulfilled promise of his counsel that he would receive a limited sentence. At the time defendant entered his plea of guilty, his counsel explained on the record that he would ask the court to stay execution of the sentence and place defendant on probation, conditioned upon serving 1 year in the workhouse; but his counsel stressed that the court was not bound to honor such request and could impose the maximum sentence provided by law. Before imposing the sentence the trial court informed counsel that he intended to impose a 5-year prison sentence because of defendant's prior record, but that defendant could, if he wished, withdraw his plea and stand trial on the charge of aggravated robbery. As defendant's counsel testified at the postconviction hearing, and as the sentencing transcript itself tends to corroborate, defendant

considered the matter over a period of 3 days, during which he discussed the situation with his counsel eight or ten times, finally deciding to adhere to his plea of guilty to the lesser offense and to take the expected sentence. Clearly the postconviction court did not abuse its discretion in refusing to permit defendant now to withdraw his plea of guilty. State v. Knight, 292 Minn. 419, 192 N. W. 2d 829 (1971).

Affirmed.