## STATE v. LARRY RUSSELL PROPOTNIK.

216 N. W. 2d 637.

March 22, 1974—No. 43825.

*C. Paul Jones,* State Public Defender, and *David Essling,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Jonathan H. Morgan,* Solicitor General, and *Robert F. Carolan,* Special Assistant Attorney General, for respondent.

PER CURIAM.

Defendant, whose burglary conviction, Minn. St. 609.58, subd. 2(3), was based on a guilty plea, now contends on this direct appeal from the judgment of conviction that (1) the record does not affirmatively show that he waived his right under Minn. St. 628.31 to a preliminary hearing and the case should be remanded to the district court for a hearing to determine whether he was prejudiced by the lack of a hearing; and (2) he should be permitted to withdraw his guilty plea because the transcript of the guilty plea proceedings does not show that the trial court specifically informed him that he had a right to confront his accusers which he was waiving by pleading guilty. We affirm.

There is no merit to the first contention. The record shows that defendant specifically waived his right to a preliminary hearing. Even were this not so, defendant at this stage could not properly question the lack of a preliminary hearing. As stated in State ex rel. Welper v. Rigg, 254 Minn. 10, 93 N. W. 2d 198 (1958), among other cases, a defendant is deemed to waive his right to complain about lack of a preliminary hearing if he does not raise the issue prior to entering a plea.

In contending that he has a right to withdraw his guilty plea, defendant relies upon Boykin v. Alabama, 395 U. S. 238, 89 S. Ct. 1709, 23 L. ed. 2d 274 (1969). Contrary to what defendant argues, Boykin did not hold that a trial court must specifically inform a defendant of all his constitutional rights before accepting the guilty plea; rather, Boykin held that a guilty plea must appear on the record to have been voluntarily and intelligently made and that a waiver of constitutional rights may not be pre-

sumed from a silent record. See, State v. Casarez, 295 Minn. 534, 203 N. W. 2d 406 (1973); Wade v. Coiner, 468 F. 2d 1059 (4 Cir. 1972); United States v. Frontero, 452 F. 2d 406 (5 Cir. 1971); United States v. Sherman, 474 F. 2d 303 (9 Cir. 1973). Whereas the record in Boykin was silent, the record here reveals careful interrogation by court and counsel to ensure that defendant's plea was voluntarily and intelligently made. It is true that defendant was not questioned specifically concerning his right to confront his accusers at a trial. However, since the record shows that defendant had full opportunity to consult with his counsel before entering his plea, we may safely presume that counsel informed him adequately concerning this right. See, State v. Reinke, 296 Minn. 501, 207 N. W. 2d 282 (1973); State v. Dickson, 294 Minn. 459, 199 N. W. 2d 423 (1972); State v. Hopkins, 293 Minn. 522, 198 N. W. 2d 542 (1972); State v. Feather, 288 Minn. 556, 181 N. W. 2d 478 (1970). Further, and we believe significantly, the record includes a copy of the petition to enter a plea of guilty which defendant had signed and which he admitted reading and understanding. That petition informed defendant of a number of his constitutional rights, including "the right to see and hear all witnesses against me." On such a record we believe it proper to conclude that defendant entered his plea voluntarily and intelligently.

Affirmed.