## STATE v. SCOTT WILLIAM NACE.

241 N. W. 2d 101.

April 9, 1976—No. 45443.

*C. Paul Jones,* State Public Defender, and *R. James McNulty,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Keith M. Brownell,* County Attorney, and *Richard C. Hansen,* Assistant County Attorney, for respondent.

PER CURIAM.

Defendant contends on this appeal from judgment of conviction of sale of a controlled substance[1] (marijuana) that (1) the record does not contain a sufficient basis for concluding (a) that the plea was knowingly and intelligently entered, or (b) that there was a factual basis for it; and (2) the record compels the conclusion that his counsel did not provide adequate representation. We affirm.

Defendant's contention that the record does not contain a sufficient basis for concluding that the plea was knowingly and voluntarily entered is based on the fact that at the time he entered the plea, defendant was not questioned to determine if his counsel had advised him about the possible defense of entrapment. It is true that defendant was not asked on the record about the defense of entrapment, but the record shows that defendant

---

[1] Minn. St. 152.01, subds. 4, 9, and 16, with reference to Minn. St. 152.02, subd. 2(3), 152.09, subd. 1(1), and 152.15, subd. 1(2).

had an opportunity to consult with counsel, and presumably counsel adequately informed him concerning any possible defenses. See, State v. Propotnik, 299 Minn. 56, 216 N. W. 2d 637 (1974).

We have had to consider a large number of similar cases lately. We emphasize again that in cases such as this, where the record justifies the conclusion that the defendant's plea was voluntarily and knowingly made, the defendant cannot expect to obtain relief on a claim that the trial court did not inform him of all possible defenses.

Concerning the factual basis, defendant contends that the trial court should have asked the questions which elicited it and that more open-ended, nonleading questions should have been asked. We agree that the trial court has the primary responsibility for eliciting from defendant the testimony needed to establish a factual basis, see, State v. Hoaglund, 307 Minn. 322, 240 N. W. 2d 4 (1976), and also that the questions should be designed to get the defendant to say in his own words exactly what happened. However, we do not believe that defendant should be permitted to plead anew in this case on either of these grounds because an adequate factual basis was established and we are satisfied the plea was knowingly and intelligently entered. See, State v. Fries, 304 Minn. 586, 231 N. W. 2d 553 (1975); State v. Propotnik, *supra*.

Defendant's only other contention, that his counsel did not provide him with effective representation, is a mere argumentative assertion incapable of effective review on this record.

Affirmed.