STATE of Minnesota, Respondent,

v.

**Lance Allen LORENTZ, Appellant,**

and

STATE of Minnesota, Respondent,

v.

**Kim Marie LORENTZ, Appellant.**

**Nos. 48569, 48734.**

Supreme Court of Minnesota.

Jan. 26, 1979.

Kurzman & Manahan, Minneapolis, for appellants.

Warren Spannaus, Atty. Gen., William Randall, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

PER CURIAM.

These combined appeals are from separate orders of the district court denying separate motions of defendants (who are siblings) to withdraw their guilty pleas.[1]

---

1. Both defendants were originally charged with possession of marijuana with intent to sell. Defendant Kim Lorentz, pursuant to a plea agreement, pleaded guilty to this charge in exchange for the prosecutor's promise to recommend a presentence investigation and a limit of 2 years on the maximum sentence, which otherwise would have been 5 years. The court sentenced Ms. Lorentz to a 2-year prison term. Defendant Lance Lorentz pleaded guilty to a reduced charge of possession of marijuana and was sentenced to 3 years in prison but was

The issue in each appeal relates to whether the defendant's plea was intelligently—that is, knowingly and understandingly—entered. We affirm.

Defendants contend basically that their respective defense counsel failed to adequately inform them that if their cases went to trial the state would have to prove that the substance that they were charged with possessing was in fact marijuana and that they had a right to call their own experts to challenge the conclusions of the state's experts. The records reveal that both defendants were questioned by the trial court regarding their understanding of the charges, their desire to plead guilty, and their knowledge of their procedural rights. Additionally, the records reveal that both defendants had discussed their cases with their respective attorneys; therefore, a presumption arose that they had been fully advised of their rights.[2] Accordingly, under the approach that we have taken in numerous cases, the records must be deemed adequate to support a conclusion that the pleas were intelligently (as well as voluntarily) entered. See, e. g., *State v. Nace*, 308 Minn. 170, 241 N.W.2d 101 (1976).

Affirmed.

placed on probation, the first year to be served in the workhouse.

2. Support for relying on this presumption of adequate advice, which this court has done in numerous cases, see, e. g., *State v. Propotnik*, 299 Minn. 56, 216 N.W.2d 637 (1974), may be found in *Henderson v. Morgan*, 426 U.S. 637, 647, 96 S.Ct. 2253, 2258, 49 L.Ed.2d 108, 115–16 (1976), where the court said that even without an express representation by defense counsel that he had advised the defendant of his rights, one may properly presume that counsel had given such advice.