STATE of Minnesota, Respondent,

v.

Clarence CLARK, Appellant.

No. 49393.

Supreme Court of Minnesota.

June 1, 1979.

Kurzman & Manahan, Marc G. Kurzman, and Ronald S. Goldser, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., and Jane Prohaska, Sp. Asst. Atty. Gen., St. Paul, Douglas W. Cann, County Atty., Bemidji, for respondent.

PER CURIAM.

 This appeal is from an order of the district court denying defendant's motion to withdraw his negotiated guilty plea to a charge of unlawful sale of phencyclidine. The issues raised are whether the record made at the time defendant entered the plea contains a showing that there was a sufficient factual basis for the plea and that it was intelligently (that is, knowingly and understandingly) entered. We affirm.

 The record made at the time defendant entered his plea reveals that defendant was questioned concerning the factual basis for the plea and concerning his understanding of the charge, his desire to plead guilty, and his knowledge of his procedural rights. The record also reveals that defendant had discussed this case with his attorney and therefore a presumption arose that he had been fully advised of his rights and of the rights he was waiving by pleading guilty. See, *State v. Propotnik,* 299 Minn. 56, 216 N.W.2d 637 (1974); *Henderson v. Morgan,* 426 U.S. 637, 647, 96 S.Ct. 2253, 2258, 49 L.Ed.2d 108, 115 (1976). Under the approach that we have taken in numerous cases, the record must be deemed adequate to support a conclusion that the plea was intelligently (as well as voluntarily) entered. See, *State v. Nace,* 308 Minn. 170, 241 N.W.2d 101 (1976). We are also satisfied that the record contains an adequate factual basis.

Affirmed.