**STATE of Minnesota, Respondent,**

v.

**David Lee MILTON, Appellant.**

**Nos. 50972, 50973.**

Supreme Court of Minnesota.

July 3, 1980.

C. Paul Jones, Public Defender, and Susan A. Gray, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas W. Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

YETKA, Justice.

Defendant was originally charged in district court by three separate complaints with a total of six separate offenses arising out of three separate incidents occurring on June 25, 1979. Pursuant to a plea bargain negotiated for him by his attorney, defendant entered guilty pleas to a total of three offenses—burglary of a dwelling while possessing a dangerous weapon, aggravated robbery, and burglary of a dwelling with assault committed on a person therein—arising from two of the three incidents. After receiving a presentence investigation report, the trial court sentenced defendant to concurrent terms of 1–20 years for the two convictions based on one incident and to a consecutive term of 1–20 years for the conviction based on the other incident. On this appeal from judgment of conviction,

defendant contends that he should be permitted to withdraw his guilty pleas and stand trial on all the original charges because his guilty pleas were induced (a) by fear of threats made by fellow jail inmates and (b) by the mistaken belief that he might get 100 years in prison if he went to trial and was convicted of all the charges. Defendant also argues that if the trial court, not the prosecutor and defense counsel, had questioned him about these matters, the court would have learned that defendant's guilty pleas were not voluntary and intelligent. We affirm.

■ The trial court has the primary responsibility to question a defendant to insure that there is a factual basis for a guilty plea and that the plea is voluntary and intelligent. *State v. Hoaglund*, 307 Minn. 322, 240 N.W.2d 4 (1976). However, in a number of cases, we have held that a defendant will not be permitted to plead anew simply because the trial court did not personally question the defendant. *See, e.g., State v. Nace*, 308 Minn. 170, 241 N.W.2d 101 (1976).

■ Defendant's claim that his guilty pleas were induced by threats is based solely on the record made when he entered the pleas. The fact that defendant vacillated between wanting to plead guilty and wanting to go to trial is not unusual. Defendant was fully aware that he did not have to plead guilty and he never contended that the threats actually induced him to plead guilty. Indeed, he specifically stated that it was the arguments of defense counsel which persuaded him to plead guilty.

Defendant also contends that he mistakenly believed he had to plead guilty in order to avoid a possible 100-year sentence even though Minn. Stat. § 609.15, subd. 2 (1978), would not permit such a lengthy sentence. While there is a possibility that defendant may have misunderstood the maximum potential sentence, the record as a whole justifies the conclusion that defendant's pleas were voluntarily and intelligently made. We affirm the judgment of conviction.

Affirmed.