**Kurt Dean DOUGHMAN, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C6–83–1779.**

Court of Appeals of Minnesota.

July 17, 1984.

C. Paul Jones, Minnesota State Public Defender, Brian I. Rademacher, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, David C. Johnson, Koochiching County Atty., International Falls, for respondent.

Considered and decided by POPOVICH, C.J., and FORSBERG and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Petitioner appeals from the denial of his post-conviction petition to withdraw a previously negotiated guilty plea. We affirm.

## FACTS

In 1981, petitioner was charged with felony theft in violation of Minn.Stat. § 609.52, subd. 2(1) (1980), after tires and rims which had been reported stolen were discovered at petitioner's home and at the home of his brother. He was found competent to stand trial at a psychiatric examination conducted pursuant to Rule 20, Minn.R.Crim.P. Following the determination of competency, petitioner and his public defender negotiated a plea agreement with the prosecutor. Pursuant to the plea agreement, petitioner waived his right to an omnibus hearing and entered a plea of guilty to felony theft as charged. In exchange for his guilty plea, the State agreed to recommend that imposition of sentence be stayed and that petitioner be placed on probation with the condition he serve 45 days in the Koochiching County Jail. The court accepted the plea agreement and imposed the recommended sentence. Petitioner was sentenced on August 3, 1981, and, although twice in court on subsequent violations, did not attempt to withdraw his plea until May 31, 1983.

Approximately fourteen months later, in October 1982, petitioner's probation was revoked following his conviction of a new felony offense. The court vacated the previous stay of imposition of sentence and imposed the presumptive guidelines sentence of one year and one day, with execution stayed for five years on the condition petitioner serve twelve months at the Northeast Regional Correctional Center (NERCC).

On January 26, 1983, petitioner was again found in violation of the terms and conditions of his probation. This time the court vacated the stay of execution and sentenced petitioner to one year and one day in the Minnesota Correctional Facility at Stillwater. (By the time the briefs were filed and submitted appealing the denial of post conviction relief, petitioner had since been paroled and discharged from sentence).

On May 31, 1983, petitioner filed a petition for post-conviction relief, seeking the withdrawal of his guilty plea. That petition was heard and, in October 1983, was denied. At the hearing on the petition for post conviction relief, petitioner testified that no one ever informed him of his right of confrontation before his guilty plea, and claimed he was not aware of it, since he had never been arrested before. He also testified it was his attorney who filled out the petition to enter a plea of guilty, that almost no time was spent reviewing the petition, and further claimed he was so intoxicated at the time the petition was reviewed and the plea entered that he was unable to understand what happened either during the review of the petition or during the guilty plea hearing itself. These claims were raised for the first time twenty-two months after petitioner's plea of guilty.

Petitioner also stated he pled guilty despite his innocence because of his belief that a statement he had been allegedly induced to make by the denial of medical attention while in jail would be used against him. He also claimed he pled guilty because of his belief that he would have to spend five years in prison if he could not "prove his innocence," and because he believed the police would continually harass him if he did not plead guilty.

Petitioner's attorney, an experienced public defender, testified that it was possible, but not likely, he may not have discussed petitioner's right of confrontation with him. That right of confrontation was specifically addressed in the written petition to plead guilty which petitioner signed. The attorney stated he did not know of petitioner's claimed intoxication on the day of the plea, or he would have immediately sought a continuance or brought the mat-

ter to the court's attention. He testified that he did not recall petitioner telling him of any improper treatment in jail or any inducements to make a statement, and that he was satisfied petitioner knew all of his rights and knew he was giving them up by pleading guilty.

## ISSUE

Was the evidence sufficient to support the post-conviction court's determination that petitioner's guilty plea was voluntarily and intelligently entered?

## ANALYSIS

■ A criminal defendant is permitted to withdraw a guilty plea following sentencing only upon proving "to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." Rule 15.05, subd. 1, Minn.R.Crim.P. The decision whether to permit a plea of guilty to be withdrawn is addressed to the sound discretion of the trial court. *Chapman v. State*, 282 Minn. 13, 162 N.W.2d 698 (1968). Absent a clear abuse of discretion, the trial court's decision will not be disturbed on appeal. *State v. Jacobs*, 292 Minn. 41, 192 N.W.2d 816 (1971).

■ The burden is on the petitioner at a post-conviction proceeding to prove by a preponderance of the evidence the facts which would warrant withdrawal of his guilty plea. Minn.Stat. § 590.04, subd. 3 (1983); *Hanson v. State*, 344 N.W.2d 420, 423 (Minn.Ct.App.1984). The scope of our review is limited to ascertaining whether there is sufficient evidence in the record to support the findings of the post-conviction court. *Hanson; State v. Doughman*, 340 N.W.2d 348 (Minn.Ct.App.1983); *Kochevar v. State*, 281 N.W.2d 680, 687 (Minn.1979).

■ To be valid, a guilty plea must appear on the record to have been voluntarily and intelligently made. Rule 15.01, Minn.R.Crim.P., sets out the procedure to be followed on guilty pleas to felonies and gross misdemeanors. A waiver of constitutional rights may not be presumed from a silent record. *Brady v. U.S.*, 397 U.S. 742,

747, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242–43, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969). In this case, petitioner had the opportunity to discuss his case with his attorney before entering his plea. He stated on the record that he understood he was giving up certain rights by pleading guilty and that he had gone over the written guilty plea petition with his attorney. Petitioner's attorney was certain he had followed his normal practice of advising clients of their constitutional rights at the initial interview and again when a client signed a petition to plead guilty. The facts in this case parallel those in *State v. Propotnik*, 299 Minn. 56, 216 N.W.2d 637 (1974), in which the court stated

> It is true that defendant was not questioned specifically concerning his right to confront his accusers at trial. However, since the record shows that defendant had full opportunity to consult with counsel before entering his plea, we may safely presume that counsel informed him adequately concerning this right. * * * Further, and we believe significantly, the record includes a copy of the petition to enter a plea of guilty which defendant had signed and which he admitted reading and understanding. That petition informed defendant of a number of his constitutional rights, including "the right to see and hear all witnesses against me." On such a record we believe it proper to conclude that defendant entered his plea voluntarily and intelligently.

299 Minn. at 58, 216 N.W.2d at 638 (citations omitted). That petitioner discussed the case, the plea bargain, and other options with his attorney before entering his guilty plea raises the presumption he was informed of his rights. *Doughman*, 340 N.W.2d at 353.

■ Petitioner challenges the intelligence of his guilty plea, alleging he was so intoxicated no plea could have been intelligently made. Nothing in the record supports petitioner's contention that he was so intoxicated he could not understand the

consequences of his actions; petitioner's attorney testified that had he noticed any intoxication of the petitioner, he would have called the court's attention to it or requested a continuance. Petitioner further argues that he misunderstood the sentence to which he would be subject if he were found guilty. Petitioner was informed of the statutory maximum and of the possibility he could be imprisoned for any amount of time *up to* that maximum. It is recommended but it is not required that those pleading guilty be informed of the Sentencing Guidelines presumptive sentence. *State v. Trott,* 338 N.W.2d 248, 252–53 (Minn.1983).

The twenty-two month lapse of time after entering the initial plea of guilty before these claims were made, while not determinative, does raise a question as to their legitimacy. This doubt is increased by the unchallenged fact that petitioner accepted the advantageous plea bargain and did not, while serving the modest 45-day jail sentence, raise any questions about his voluntary plea. The doubt is further increased when petitioner, after being found in violation of his probation conditions, again had his sentence stayed and, while serving local time in the Northeast Regional Correction Center, failed to raise any questions about his voluntary plea of guilty. It was only after being found guilty of a second violation of his probation and now finding himself sentenced to one year and one day at the Minnesota Correction Center at Stillwater that petitioner raised a challenge to a two-year old plea of guilty.

This chronological record, coupled with the lack of a record supporting petitioner's contentions, supports the state's claim that petitioner did not sustain his burden of proof to allow withdrawal of his guilty plea.

### DECISION

The trial court did not err in denying petitioner's request to withdraw his negotiated guilty plea.

Affirmed.