**Raul Edelberto HERNANDEZ,
Appellant,**

**v.**

**STATE of Minnesota, Respondent.**

**No. CX–86–2125.**

Court of Appeals of Minnesota.

June 23, 1987.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Paul R. Jennings, Asst. Co. Atty., Minneapolis, for respondent.

Considered and decided by LANSING, P.J., and HUSPENI and RANDALL, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Appellant pleaded guilty to two counts of first-degree criminal sexual conduct and received consecutive sentences of 43 months on each count. He petitioned for post-conviction relief, contending that he was entitled to *concurrent* sentences of 43 months under his original plea agreement. The trial court denied appellant's petition, and he appeals from the trial court's order. We affirm.

## FACTS

Raul Hernandez was charged under two separate complaints with a total of three counts of first-degree criminal sexual conduct and two counts of kidnapping. He was represented by separate attorneys on each complaint. Hernandez appeared with both his attorneys on October 25, 1984, to plead guilty, pursuant to plea negotiations, to two charges of first-degree criminal sexual conduct. Hernandez, whose native language is Spanish, testified that he reviewed the Spanish translation of the petition, but that he also reads, speaks and understands English. He testified he understood that, pursuant to the negotiations, he would plead guilty to two counts of first-degree criminal sexual conduct, the other charges would be dismissed, and the sentences would be concurrent.

After each of the attorneys questioned Hernandez to establish a factual basis for each plea, the trial judge said:

[Y]ou have to understand that I am not accepting the plea at this time. I am going to order a Pre-Sentence Investigation report and after I consider the information that I get from that report, and I find out more about you, and after I have had time to review the convictions, the charges in this case and the facts, I will determine at that time whether to accept the negotiation. If I do not accept that negotiation you will have the right to withdraw your pleas of guilty to both of these and proceed to trial on both. Do you understand that?

Hernandez stated that he understood.

The sentencing hearing was held on December 3, 1986. The court declined to accept the plea agreement which would permit the sentences to be served concurrently, but agreed reluctantly to accept the agreement if the sentences were served consecutively. One of Hernandez's attorneys stated on the record in the presence of Hernandez that he and the other attorney had discussed with Hernandez his right to withdraw his plea if the court did not ac-

cept the negotiations as offered. He stated Hernandez wanted to maintain his guilty pleas despite the change to consecutive sentences of 43 months for each of the offenses. Hernandez was then questioned as follows:

Q: Mr. Hernandez, you and I talked about, and Mr. Wylde and you talked about the change in the contract?

A: Yeah.

Q: The agreement that you have. The Judge is willing to accept your plea of Guilty to those two charges, and she will sentence you to two 43–month sentences that would be served one after the other, consecutive rather than concurrent. Your total sentence then being 86 months which after good time, as you understand it if it's served, would be about 4.7 years. You understand that?

A: Um-hum.

Q: As the negotiation was originally, your original exposure was a 3 years sentence with all of the credits given.

A: Um-hum.

Q: Is it your desire now to maintain your Guilty plea pursuant to that knowledge.

A: Yeah.

The trial court accepted the pleas and sentenced Hernandez to 43 months for each count, to be served consecutively. The other charges were dismissed.

Hernandez petitioned for post-conviction relief, requesting that his sentence be modified to be concurrent. The petition was heard on October 7, 1986, based on legal arguments. The trial court determined at the end of the hearing that the record was sufficient to support entry of the pleas and in an order issued October 8, 1986, denied the petition to modify the sentence. Hernandez appeals from the trial court order.

## ISSUE

Was appellant entitled to a modification of his sentence to conform to the original plea negotiation?

## ANALYSIS

A valid guilty plea must be accurate, voluntary and intelligent. *State v. Trott,* 338 N.W.2d 248, 251 (Minn.1983). "The purpose of the requirement that the plea be intelligent is to insure that the defendant understands the charges, understands the rights he is waiving by pleading guilty, and understands the consequences of his plea." *Id.*

The trial court declined to accept the plea at the initial hearing. This procedure is permitted under Minn.R.Crim.P. 15.04, subd. 3(1), which provides:

If a plea agreement has been reached which contemplates entry of a plea of guilty, the trial court judge may permit the disclosure to him of the agreement and the reasons therefor in advance of the time for tender of the plea. When such plea is tendered and the defendant questioned, the trial court judge shall reject or accept the plea of guilty on the terms of the plea agreement. The court may postpone its acceptance or rejection until it has received the results of a pre-sentence investigation. *If the court rejects the plea agreement, it shall so advise the parties in open court and then call upon the defendant to either affirm or withdraw his plea.*

(Emphasis added).

Hernandez argues that while Rule 15.03 does not specifically say that a defendant must be sworn and personally state he understands he has the right to withdraw his plea, it is the defendant's decision, not his attorney's, to maintain or withdraw a guilty plea when the court rejects a sentencing agreement.

Hernandez asserts that although his prior counsel said he had been advised of his right to withdraw his guilty plea, the record is inadequate because there was no direct, on-the-record advisory. Further, Hernandez argues that because the record consists of leading questions by counsel with responses of "Yeah" and "Um-hum," and because English is not his native language, it is doubtful that this record is adequate. He contends that the only plea

which was properly accepted was a plea under the original sentencing concession which called for concurrent sentencing and that his consecutive sentences should be modified to concurrent sentences.

In reviewing a denial of a petition for post-conviction relief, the petitioner has the burden to prove, by a preponderance of the evidence, facts which would warrant withdrawal of his guilty plea. Minn.Stat. § 590.04, subd. 3 (1984); *Hanson v. State*, 344 N.W.2d 420, 423 (Minn.Ct.App.1984). The scope of inquiry is limited to whether there is sufficient evidence in the record to support the findings of the post-conviction court. *Doughman v. State*, 351 N.W.2d 671, 674 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. Oct. 16, 1984).

Although a guilty plea must appear on the record to have been voluntarily made, a trial court is not required to inform a defendant of all his constitutional rights before accepting the guilty plea. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969); *State v. Propotnik*, 299 Minn. 56, 57–58, 216 N.W.2d 637, 638 (1974). A waiver of constitutional rights will not be presumed from a silent record, but where, as here, the record reveals careful interrogation by the trial court and the defendant had full opportunity to consult with his counsel before entering his plea, the court may safely presume that the defendant was adequately informed of his rights. *Propotnik*, 299 Minn. at 58, 216 N.W.2d at 638; *see Kochevar v. State*, 281 N.W.2d 680, 687 (Minn. 1979).

In this case the record adequately shows that Hernandez was advised by the court of his option to withdraw his plea. Although the judge did not repeat this statement at the time of the sentencing, his attorney represented to the court that both attorneys had discussed with Hernandez his right to withdraw his plea. Hernandez stated on the record that he understood he would be sentenced to a total of 86 months in prison if he maintained his guilty plea, rather than the 43 months for the concurrent sentence under the original plea agreement. We agree with the trial court that

the record is sufficient to show that Hernandez's pleas were valid.

## DECISION

The trial court's order denying the petition for post-conviction relief is affirmed.

Affirmed.