**STATE of Minnesota, Respondent,**

v.

**Michael James LYLE, Appellant.**

No. C8–87–755.

Court of Appeals of Minnesota.

July 28, 1987.

Hubert H. Humphrey III, State Atty. Gen., St. Paul, Timothy R. Faver, Beltrami Co. Atty., Bemidji, for respondent.

Mark L. Rodgers, Asst. Public Defender, Bemidji, for appellant.

Considered and decided by NIERENGARTEN, P.J., FOLEY and RANDALL, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Following a court trial, appellant Michael James Lyle was convicted of driving with an alcohol concentration of over .10 within five years of a previous similar conviction in violation of Minn.Stat. § 169.121, subds. 1(a) and 3(a) (1986).

On appeal, Lyle claims that the record fails to show a sufficient factual basis for his prior uncounseled guilty plea and that enhancement of the current charge to a gross misdemeanor based on that prior uncounseled plea was improper. We agree, and reverse and remand the matter for resentencing as a misdemeanor.[1]

1. Respondent State of Minnesota has failed to file a brief on appeal, and the matter is proceeding pursuant to Minn.R.Civ.App.P. 142.03.

## FACTS

On August 24, 1986, Lyle was arrested in the city of Bemidji for driving while under the influence of alcohol. A breath sample showed an alcohol concentration of .14. Because he had been convicted of DWI in 1985, he was charged with a gross misdemeanor DWI under Minn.Stat. § 169.121, subd. 3(a).

At the omnibus hearing, Lyle claimed that his prior uncounseled guilty plea was invalid and could not be used to enhance the current offense to a gross misdemeanor. By stipulation the following evidence was admitted regarding that prior plea and sentencing: an August 30, 1985 transcript of Lyle's first appearance and plea at which he was given a group advisory and questioned individually; an "Admission to a Petition Alleging a Juvenile Traffic Offense" signed by Lyle on August 30, 1985 and accepted by the trial court on September 6, 1985; and a September 6, 1985 transcript of the sentencing hearing.

The omnibus court thereafter issued an order and found that the August 30, 1985 transcript of Lyle's plea indicated that his rights were properly waived following the group warning. The court further found that although the written petition to plead guilty "was one commonly used in juvenile court rather than adult court," it contained a sufficient factual basis for the entry and acceptance of his plea. Lyle's motion to prevent enhancement was therefore denied.

Lyle subsequently sought reconsideration of his motion, arguing that the record failed to establish an adequate factual basis for his prior plea. In a second order again denying Lyle's motion, the omnibus court found that an adequate factual basis existed in a presentence investigation report (PSI) which indicated that Lyle's blood alcohol level was .17.[2]

Lyle thereafter entered a plea of not guilty to the current offense, and the parties agreed to submit the matter to the court based on the files and police reports.

This appeal followed Lyle's conviction and sentencing.

## ISSUE

Does the record fail to show an adequate factual basis for entry and acceptance of Lyle's 1985 uncounseled guilty plea?

## ANALYSIS

On appeal, Lyle does not claim that he did not understand his rights when he made this prior plea, nor does he attack the prior plea on constitutional grounds by contending that his waiver of counsel was invalid. As such, this case is distinguishable from the line of cases following *State v. Nordstrom,* 331 N.W.2d 901 (Minn.1983). Lyle's sole claim is that his prior plea cannot be considered as the basis for enhancing the current charge to a gross misdemeanor because the record fails to establish that it had an adequate factual basis. *See State v. Sandmoen,* 390 N.W.2d 419, 421 (Minn.Ct.App.1986).

Prior to acceptance of a guilty plea, whether in a felony or misdemeanor case, the trial court must determine whether the plea is "accurate, voluntary and intelligent (i.e., knowingly and understandingly made)", and whether there is an adequate factual basis for the plea on the record. *State v. Trott,* 338 N.W.2d 248, 251 (Minn. 1983); *State v. Hoaglund,* 307 Minn. 322, 325, 240 N.W.2d 4, 5 (1976). One of the purposes of the factual basis requirement is to insure the accuracy of the plea, "that is, to ensure that the defendant is guilty of a crime at least as serious as that to which he is entering his plea." *Beaman v. State,* 301 Minn. 180, 183, 221 N.W.2d 698, 700 (1974).

The factual basis requirement is also essential to a determination of whether a plea is voluntary and represents a knowing and intelligent choice of the available courses of action. *State v. Goulette,* 258 N.W.2d 758, 761 (Minn.1977). The record must show that the defendant un-

---

**2.** Although this PSI (dated August 30, 1985) appears to have been completed prior to *acceptance* of Lyle's plea, it is unclear from the record whether Lyle was aware of the test results at the time he *entered* his plea.

derstood the elements of the offense and any available defenses, and the possible consequences of conviction. *See Kelsey v. State,* 298 Minn. 531, 214 N.W.2d 236 (1974) (plea properly rejected where no factual basis regarding elements of crime); *State v. Taylor,* 288 Minn. 37, 178 N.W.2d 892 (1970) (factual basis existed where defendant negated element of self-defense before a second judge and where defendant had extensive contact with counsel so that it was clear that he was aware of element of charge and consequences of admitting guilt); *State v. Bryant,* 378 N.W.2d 108, 110 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Jan. 23, 1986) (factual basis sufficient where record established that counseled defendant understood major elements of crime and freely admitted guilt).

■ When a defendant is represented by counsel, it is generally presumed that he has been informed of the nature of the offense and of his alternatives. *State v. Russell,* 306 Minn. 274, 275, 236 N.W.2d 612, 613 (1975); *State v. Dickson,* 294 Minn. 459, 460, 199 N.W.2d 423, 424 (1972). Where a guilty plea is uncounseled, however, the factual basis requirement is particularly important to show that the defendant has made a voluntary and intelligent plea. *See State v. Vieburg,* 404 N.W.2d 312 (Minn.Ct.App.1987).

■ The factual basis requirement is usually satisfied when the court asks the defendant to express in his own words what happened. Other ways of establishing a factual basis include testimony of witnesses and statements summarizing the evidence. *Holscher v. State,* 282 N.W.2d 866, 867 (Minn.1979); *Trott,* 338 N.W.2d at 251 (citing *Kochevar v. State,* 281 N.W.2d 680 (Minn.1979); *State v. Goulette,* 258 N.W.2d 758 (Minn.1977)).

■ In misdemeanor cases, guilty pleas are often uncounseled. The factual basis requirement may nonetheless be easily met by following one of the alternative methods set out in Minn.R.Crim.P. 15.03. The first method consists of a group warning followed by individual questioning. Group warnings are closely scrutinized. *State v. Hanson,* 360 N.W.2d 460, 462 (Minn.Ct.

App.1985). The second procedure is the filing of a petition to plead guilty. Although such written petitions are prima facie evidence that there has been a valid waiver of counsel, the record must still show that a factual basis existed for the plea *at the time it was entered. Sandmoen,* 390 N.W.2d at 422–23 *(emphasis supplied).*

■ While both methods were used in this case, neither establishes that Lyle understood the nature of the offense charged or that he believed what he did constituted the offense to which he pleaded guilty. In response to questioning following the August 30, 1985 group advisory and immediately prior to the entry of his plea, Lyle merely indicated that he understood his rights and that he did not want an attorney. No facts were elicited regarding the nature of the offense or Lyle's conduct. Sometime after entry of his plea, Lyle filled out and signed the petition, in which he admitted to DWI because he committed the following acts: "[The arresting officer] said I didn't stop long enough at the stop sign but I thought I did and he said that I was swerving but that's in the steering." These statements fail to show that Lyle believed in his guilt at the time he entered his plea or that he understood the nature of the offense charged. We therefore conclude that the record fails to establish that Lyle, who was unrepresented by counsel, entered his guilty plea knowingly and voluntarily. *See State v. Grunewald,* 378 N.W.2d 55, 58 (Minn.Ct.App.1985); *State v. Stewart,* 360 N.W.2d 463, 465 (Minn.Ct. App.1985).

■ While the record does include the August 8, 1985 PSI, which stated that Lyle's blood alcohol content or concentration ("BAC") was .17 at the time of his arrest, it is unclear whether Lyle was aware of this information at the time he filled out the written admission. In its second order denying Lyle's motion to prevent enhancement, the omnibus court relied upon this PSI and found that it provided an additional factual basis for acceptance of the plea. Although the PSI may be as-

sumed to have been considered by the trial court prior to its acceptance of the plea and to have fulfilled the accurateness requirement, it cannot be assumed to have aided Lyle in making a voluntary and intelligent plea.

The burden is on the State to make an adequate record when pleas of guilty are made and accepted. *Stewart*, 360 N.W.2d at 465 (citing *State v. Brown*, 346 N.W.2d 187 (Minn.Ct.App.1984)). Because the record fails to provide an adequate factual basis for Lyle's prior plea, we reverse and remand for resentencing.

## DECISION

Reversed and remanded for resentencing.