*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2235**

State of Minnesota,
Respondent,

vs.

Anthony Eugene Quinn,
Appellant.

**Filed August 25, 2014
Affirmed
Hooten, Judge**

Hennepin County District Court
File No. 27-CR-12-32161

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, F. Richard Gallo, Jr., Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Hooten, Judge; and Willis, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**HOOTEN**, Judge

Appellant seeks to withdraw his guilty plea for failure to register as a predatory offender, contending that the factual basis for the guilty plea was deficient. We affirm.

## FACTS

In June 2012, appellant Anthony Quinn was on parole after being released from prison for failure to register as a predatory offender. The parole conditions required Quinn to reside at a chemical-dependency-treatment facility and to register as a predatory offender. After Quinn left the treatment facility in June 2012, the state, in a complaint and arrest warrant issued on September 27, 2012, charged him with failure to register in violation of Minn. Stat. § 243.166, subd. 5(a) (2010). The charge alleged that on or about June 29, 2012, Quinn, who had been previously convicted of failure to register as a predatory offender, "knowingly failed to comply with the registration requirements or knowingly provided false information." The probable-cause portion of the complaint further provided that after Quinn left the treatment program without permission, he "did not provide any updated information to the Bureau of Criminal Apprehension (BCA) and [that] his current whereabouts [were] unknown."

On April 8, 2013, with the assistance of counsel and after waiving his rights on the record, Quinn entered a straight plea of guilty to the offense. Prior to taking the plea, the district court explained to Quinn that a straight plea meant that there was no agreement, with sentencing to be left up to the district court. Quinn then had the following exchange with his counsel for establishing the factual basis for the plea:

2

> Q: [Y]ou were required to go to a . . . treatment facility or a shelter, as part of your parole; correct?
>
> A: Yes.
>
> Q: . . . And you got there and you registered that as your primary residence; correct?
>
> A: Yes.
>
> Q: However, about a week after entering that facility you left; correct?
>
> A: Correct.
>
> Q: And after leaving that facility you were essentially homeless for a period of time, at least until you were arrested; is that correct?
>
> A: Correct.
>
> Q: . . . And you knowingly failed to register as a homeless person during that period of time after leaving that facility; correct?
>
> A: Correct.
>
> Q: . . . And you knew that you were required to register; correct?
>
> . . . .
>
> A: Yes.
>
> Q: . . . So there's really no excuse for your failure to register; correct?
>
> A: Correct.
>
> Q: . . . And you also previously had been convicted of failing to register; correct?
>
> A: Correct.
>
> Q: And that's what makes this a twenty-four month mandatory minimum sentence instead of a year and a day mandatory minimum sentence; correct?
>
> A: Correct.

The district court accepted Quinn's plea and scheduled a sentencing hearing.

At the sentencing hearing on August 29, 2013, Quinn moved to withdraw his plea, contending that the plea was not accurate because after he left the treatment facility, he went to live at his aunt's house and had a BCA form sent there. He further claimed that he filled out the BCA form, which he "registered to his mother's house." The district court denied the motion and sentenced him to 28-months' imprisonment. Quinn appeals.

3

## DECISION

A defendant is entitled to withdraw his plea if necessary to correct a manifest injustice. Minn. R. Crim. P. 15.05, subd. 1.[1] "A manifest injustice exists if a guilty plea is not valid." *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). "To be constitutionally valid, a guilty plea must be accurate, voluntary, and intelligent." *Id.* "A defendant bears the burden of showing his plea was invalid." *Id.* "Assessing the validity of a plea presents a question of law that we review de novo." *Id.*

"The accuracy requirement protects a defendant from pleading guilty to a more serious offense than that for which he could be convicted if he insisted on his right to trial." *Id.* "To be accurate, a plea must be established on a proper factual basis." *Id.* The factual basis is adequate "if the record contains sufficient evidence to support the conviction." *Id.* "The factual basis of a plea is inadequate when the defendant makes statements that negate an essential element of the charged crime because such statements are inconsistent with a plea of guilty." *State v. Iverson*, 664 N.W.2d 346, 350 (Minn. 2003).

For Quinn's guilty plea for failure to register as a predatory offender to be valid, the factual basis must show that Quinn knowingly violated a provision of section 243.166 or intentionally provided false information to a corrections agent, law-enforcement authority, or the BCA. *See* Minn. Stat. § 243.166, subd. 5(a). Under section 243.166, a registrant who becomes homeless must provide information to law-enforcement authority

---

[1] We note that although Quinn tried to withdraw his plea before sentencing, his argument is based on the theory that his plea was not accurate, resulting in a manifest injustice.

on the registrant's location. *See id.*, subd. 3a(a) (2010) (providing that "[i]f a person leaves a primary address and does not have a new primary address, the person shall register with the law enforcement authority that has jurisdiction in the area where the person is staying within 24 hours of the time the person no longer has a primary address"). Law-enforcement authority is the chief of police or the county sheriff. *Id.*, subd. 1a(e) (2010). Within three days of receipt of such registration, "the corrections agent or law enforcement authority shall forward the registration information to the [BCA]." *Id.*, subd. 4(c) (2010).

In seeking reversal of the district court's denial of his motion to withdraw his plea, Quinn argues that the factual basis for the plea is insufficient. Contrary to his arguments before the district court in support of his motion, he does not claim on appeal that he satisfied the registration requirements by sending a form to the BCA with the address of his mother as his primary residence. Instead, he now claims that because he was homeless after he left the treatment facility, he was not required to register with the BCA, but only to his corrections agent or law-enforcement authority. Specifically, Quinn contends that his plea is inaccurate because it does not contain evidence that he failed to inform his corrections agent or law-enforcement authority of his homelessness and the complaint only refers to a failure to update the BCA. We are not persuaded by Quinn's argument.

It is true that a "defendant, by his plea of guilty, in effect judicially admit[s] the allegations contained in the complaint." *State v. Trott*, 338 N.W.2d 248, 252 (Minn. 1983). But the complaint only supplements the plea colloquy in establishing the factual

5

basis. *See Lussier v. State*, 821 N.W.2d 581, 589 (Minn. 2012) (stating that "the plea petition and colloquy may be supplemented by other evidence to establish the factual basis for a plea," including the complaint). Here, the complaint charges Quinn for knowingly failing to comply with the registration requirements. In his plea, Quinn admitted that he knew he had to register his homelessness and that he failed to do so. Although Quinn did not state specifically that he failed to register with his corrections agent or law-enforcement authority, his admission contains no limitation as to the persons with whom he failed to register.

"When a defendant is represented by counsel, it is generally presumed that he has been informed of the nature of the offense." *State v. Lyle*, 409 N.W.2d 549, 552 (Minn. App. 1987). In his plea, Quinn admitted that he was familiar with the registration requirements, that he had previously failed to register, and admitted that he failed to register. By making a blanket admission that he failed to register his homelessness, Quinn, in violation of the requirements of the statute, failed to keep the BCA updated as to his status. If he had registered with his corrections officer or law-enforcement authority, they would have been required to provide this updated information to the BCA. Although we "caution[] against the use of exclusively leading questions to establish a proper factual basis for a guilty plea," *Lussier*, 821 N.W.2d at 589, we conclude that the factual basis for the plea, when read in conjunction with the complaint, is accurate. Because Quinn's plea is valid, no manifest injustice entitles Quinn to withdraw his guilty plea.

**Affirmed.**

6