*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2258**

Maurion Jameal Travis, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed October 6, 2014
Affirmed
Reyes, Judge**

St. Louis County District Court
File No. 69DUCR111364

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Duluth, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Reyes, Judge; and

Klaphake, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**REYES**, Judge

In this postconviction appeal, appellant argues that the district court erred by refusing to allow him to withdraw his guilty plea on a charge of first-degree criminal sexual conduct under Minn. Stat. § 609.342, subd. 1(g) (2010), alleging that the plea was invalid because it was inaccurate and involuntary. We affirm.

## FACTS

Appellant Maurion Jameal Travis was charged by complaint with three counts of first-degree criminal sexual conduct based on allegations that he had engaged in sexual intercourse with 16-year-old S.E.C. S.E.C. is the daughter of L.A.L., who was Travis's girlfriend at the time.

Travis pleaded guilty to one count of first-degree criminal sexual conduct in exchange for the state's agreement to recommend a dispositional departure with one year of executed probationary time to be served at Northeast Regional Corrections Center (NERCC) and to dismiss the remaining charges. At the plea hearing, Travis was represented by counsel and answered a series of questions indicating that he was entering the plea voluntarily and knowingly and that he understood his rights. Travis admitted that he engaged in sexual penetration with S.E.C. while she was 15 years old, that he lived with the family on and off, and that he had a significant relationship with the family, but he denied having authority in the household.

Travis was sentenced to 144 months with execution stayed, representing a downward dispositional departure, and seven years of probation. Under the terms of his

probation, Travis was ordered to serve one year at NERCC and to complete sex-offender treatment. Travis entered NERCC, but was transferred to jail a month later because of behavioral issues. Following a contested probation-revocation hearing, the district court revoked Travis's stay of execution and committed him to the commissioner of corrections for 144 months, plus 10 years of conditional release.

In August 2013, Travis petitioned for postconviction relief, requesting to withdraw his guilty plea for first-degree criminal sexual conduct. Travis alleged that (1) the plea was inaccurate because there was an insufficient factual basis for the plea; (2) he did not understand the meaning of "significant relationship" at the time of the plea hearing; and (3) he felt pressured to plead guilty to avoid prison, rendering his plea involuntary. The district court denied relief without an evidentiary hearing, concluding that (1) Travis did not allege facts that would entitle him to a dismissal or new trial; (2) an adequate factual basis existed to support his guilty plea; and (3) Travis understood the terms of the plea agreement and knowingly, intelligently, and voluntarily entered the guilty plea. This appeal followed.

## DECISION

A postconviction court is required to hold an evidentiary hearing unless "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2012). This court reviews a district court's ultimate decision to deny postconviction relief for an abuse of discretion. *State v. Rhodes*, 675 N.W.2d 323, 326 (Minn. 2004). Because the validity of a guilty

plea is a question of law, we apply de novo review. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010).

A defendant does not have an absolute right to withdraw a guilty plea. *State v. Farnsworth*, 738 N.W.2d 364, 371 (Minn. 2007). A defendant may withdraw a guilty plea after sentencing only if "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. Manifest injustice exists when a guilty plea is invalid. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). A valid guilty plea must be accurate, voluntary, and intelligent. *Raleigh*, 778 N.W.2d at 94. The defendant bears the burden of establishing that the plea was invalid. *Id.*

Minn. Stat. § 609.342, subd 1(g), provides that a person is guilty of first-degree criminal sexual conduct if that person engages in sexual penetration with another person and "the actor has a significant relationship to the complainant and the complainant was under 16 years of age at the time of the sexual penetration." Travis argues that his guilty plea was inaccurate because there is no factual basis for establishing that he had a significant relationship with S.E.C., a required element of his conviction for first-degree criminal sexual conduct. "The accuracy requirement protects a defendant from pleading guilty to a more serious offense than that for which he could be convicted if he insisted on his right to trial." *Raleigh*, 778 N.W.2d at 94. "To be accurate, a plea must be established on a proper factual basis," which is adequate "if the record contains sufficient evidence to support the conviction." *Id.* "The factual basis of a plea is inadequate when the defendant makes statements that negate an essential element of the charged crime

4

because such statements are inconsistent with a plea of guilty." *State v. Iverson*, 664 N.W.2d 346, 350 (Minn. 2003).

A "[s]ignificant relationship" exists when the defendant is "an adult who jointly resides intermittently or regularly in the same dwelling as the complainant and who is not the complainant's spouse." Minn. Stat. § 609.341, subd. 15(3) (2010). Travis asserts that because he denied having authority in S.E.C.'s house and testified that his relationship with L.A.L. "was back and forth" and that he "stayed gone," he "negated the element of having a significant relationship with S.E.C." But the statute does not require that the defendant assume a role of authority over the complainant to constitute a significant relationship. Moreover, Travis agreed that he was a member of the household and that he lived in the household periodically.

Travis also argues that the affidavit that he submitted with his postconviction petition "supports the lack of a factual basis" because he attested that he did not have a significant relationship with S.E.C. Additionally, Travis claims in his affidavit that he did not reside in S.E.C.'s home and was dating other women while he dated S.E.C.'s mother, so his relationship with the family was only casual, not significant. But the record shows that Travis spent nights at S.E.C.'s house, lived in the household at times, and was at the house when S.E.C.'s mother was at work. This behavior constitutes residing with S.E.C. "intermittently," which includes "frequent, but discontinuous, stays." *State v. Sebasky*, 547 N.W.2d 93, 100 (Minn. App. 1996) (finding a significant relationship with the complainants who "slept, ate, occasionally left personal items there, and apparently never returned to their homes during" two- to six-day stays at appellant's

apartment), *review denied* (Minn. June 19, 1996).  The facts on the record, as admitted by Travis, establish that he jointly resided with S.E.C. at least intermittently, satisfying the definition of "significant relationship" provided in Minn. Stat. § 609.341, subd. 15(3).

Travis seems to assert that his plea was not knowing because he did not understand the legal definition of "significant relationship" at the plea hearing.  But "[w]hen a defendant is represented by counsel, it is generally presumed that he has been informed of the nature of the offense." *State v. Lyle*, 409 N.W.2d 549, 552 (Minn. App. 1987).  Further, Travis testified to individual facts sufficient to establish that his relationship with S.E.C. satisfied the definition of "significant relationship," even if he did not know its legal definition.

Travis further contends that his plea was not voluntary.  "The voluntariness requirement insures that a guilty plea is not entered because of any improper pressures or inducements." *State v. Brown*, 606 N.W.2d 670, 674 (Minn. 2000) (quotation omitted). To analyze the voluntariness requirement, "the court examines what the parties reasonably understood to be the terms of the plea agreement." *Raleigh*, 778 N.W.2d at 96.  In determining whether a guilty plea is voluntary, courts employ a totality-of-the-circumstances approach. *Id.*

Travis contends that he "was induced by undue pressure and the fear of a prison sentence," attesting that "[t]he fear of going to prison caused him extreme stress and pressure to accept the state's offer."  He points out that all parties were concerned about his success at NERCC, contending that he "was being set up for failure."  While the parties did discuss concerns about Travis's behavior in institutional settings, there is no

6

indication that the state exploited these problems in offering the deal or that he was otherwise pressured to accept the deal. And there is no authority supporting Travis's contention that a plea deal is manifestly unjust because a defendant is motivated to accept the deal by his fear of prison. *See Raleigh*, 778 N.W.2d at 96 (rejecting as a basis for withdrawal the argument that the appellant was under extreme stress when he entered his plea, explaining that the appellant "offers no further explanation of how stress, irrational thinking, improper pressure, or coercion influenced his plea decision, nor does he cite any authority permitting a plea withdrawal under these circumstances").

Additionally, Travis was fully informed of the terms of the plea agreement before accepting it, including the time in NERCC and the possibility that his prison sentence would be executed. Travis repeatedly confirmed that he was entering the guilty plea voluntarily and that he had been afforded ample time to consider his options and discuss them with his attorney. And the record shows that Travis's attorney initially advised him against entering the plea and requested that he give it longer consideration, which Travis did. Travis knew the terms of the deal before making his plea and the court may rely on his indications of voluntariness on the record. *See Raleigh*, 778 N.W.2d at 96 (rejecting claims of extreme stress, irrational thinking, and fear of federal prosecution when defendant's statements indicated voluntariness). The totality of the circumstances demonstrates that Travis voluntarily and intelligently entered his guilty plea for first-degree criminal sexual conduct. Because there was no manifest injustice, the district

court did not abuse its discretion by summarily denying Travis's postconviction petition to withdraw his guilty plea.

**Affirmed.**