**STATE of Minnesota, Respondent,**

v.

**Jeffrey Scott JOHNSON, Appellant.**

No. A06–2166.

Court of Appeals of Minnesota.

Jan. 15, 2008.

Lori Swanson, Attorney General, St. Paul, MN; and Michael A. Fahey, Carver County Attorney, Stuart N. Radde, Special Assistant County Attorney, Chaska, MN, for respondent.

John M. Stuart, State Public Defender, Cathryn Middlebrook, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by RANDALL, Presiding Judge; KALITOWSKI, Judge; and HUDSON, Judge.

## OPINION

HUDSON, Judge.

In this appeal from an order revoking probation imposed for appellant's 2001 conviction of first-degree assault, appellant argues that the district court erred in revoking his probation because the district court based its decision on its belief that Minn.Stat. § 609.135, subd. 4 (2006), precluded it from sentencing appellant to additional jail time when appellant had already served more than a year of probationary jail time. Because the district court's interpretation of Minn.Stat. § 609.135, subd. 4, was erroneous, we reverse and remand for resentencing.

## FACTS

On May 4, 2001, appellant was arrested in Carver County, Minnesota, after being involved in an assault of a middle-aged man. The victim was transported to a hospital with serious, life-threatening head injuries. On September 11, 2001, Carver County charged appellant with aiding and abetting first-degree assault in violation of Minn.Stat. § 609.221, subd. 1 (2000).

Appellant pleaded guilty to the charge and the district court imposed a 98–month prison sentence, stayed for a period of ten years, and set conditions of probation which included serving nine months in the Carver County jail, paying approximately $12,500 in restitution, abstaining from the use of alcohol or non-prescription drugs, submitting to random testing, and remaining law abiding.

In May 2004, the Department of Corrections (DOC) filed a probation-violation report alleging that appellant had tested positive for the use of marijuana and cocaine.

Appellant admitted the violations, and in August 2004, the district court reinstated appellant's probation and ordered him to serve five months in the Carver County jail.

In July 2005, the DOC filed another probation-violation report alleging that appellant had failed to pay restitution and had failed to report to jail as ordered. As a result, the district court revoked appellant's probation and issued an order for his arrest. The district court reinstated appellant's probation in August 2005 and ordered him to serve nine months in the Carver County jail. But after appellant failed to report to jail as ordered, the district court again revoked appellant's probation and issued a warrant for appellant's arrest. In December 2006, the DOC filed another probation-violation report because appellant had failed to report to jail as ordered.

In May 2006, appellant appeared before the district court for a hearing on his probation violations. At the hearing, the district court indicated that it had considered imposing additional time in the county jail as a consequence of his probation violations, but at the conclusion of the hearing, the district court stated that

the Court has no other sanction left available to make you comply in the future with the Court orders. You've been here three times now in violations and you continue to intentionally violate the Court orders ... commitment to the Commissioner would be the least restrictive alternative that I have available to me.

The district court then took the matter under advisement "with the intent that [it would] execute the prison sentence," but asked the parties for their input "as to whether there are other alternatives available to the Court." One week later, the parties appeared before the district court

to present arguments regarding whether the district court was precluded from imposing jail time as an intermediate sanction because appellant had already served more than one year in jail in connection with the offense.

In August 2006, the district court issued an order revoking appellant's probation and executing his 98–month prison sentence. The district court found that appellant admitted that he failed to report to jail as previously ordered and that he had only paid $728 toward his restitution. The district court also found that (1) appellant's probation violations were willful and without legal excuse; and (2) "failure to revoke [appellant's] probation would unduly depreciate the seriousness of the violations." In its written memorandum, the district court stated:

In spite of [appellant's] probation violations, the Court does not find that confinement is necessary to protect the public from further criminal activity by [appellant]. The Court also fails to find that [appellant] is in need of correctional treatment which can most effectively be provided if he is confined. The Court does, however, believe it would unduly depreciate the seriousness of [appellant's] latest violations if probation were not revoked.

The district court, aware that appellant had already served a cumulative total of more than one year in jail in connection with his previous sentence and probation violations, stated:

[Appellant's] most recent probation violation, failing to report to jail as ordered, requires the Court to consider whether additional jail time is a possibility or revocation is the only option. Because Minnesota Statutes specifically limit the amount of time a district court may order a Defendant to serve in jail as a condition of probation to one year, this

Court has no choice but to revoke [appellant's] probation.

This appeal follows.

## ISSUE

Did the district court err by revoking appellant's probation and executing his prison sentence?

## ANALYSIS

■ Appellant argues that the district court erred by revoking his probation and executing his prison sentence because the district court's decision was based on its erroneous conclusion that Minn.Stat. § 609.135, subd. 4 (2006), precluded it from sentencing appellant to additional jail time for a probation violation where he has already served more than 12 months in jail as part of his stayed sentence and for probation violations. We agree.

■ A district court has broad discretion when determining whether to revoke probation, and it will not be reversed absent an abuse of that discretion. *State v. Ornelas,* 675 N.W.2d 74, 79 (Minn.2004). The Minnesota Supreme Court has established a three-step analysis that must be applied before probation may be revoked. *State v. Austin,* 295 N.W.2d 246, 250 (Minn.1980). The district court must "1) designate the specific condition or conditions that were violated; 2) find that the violation was intentional or inexcusable; and 3) find that need for confinement outweighs the policies favoring probation." *Id.* The supreme court reaffirmed the third requirement in 2005 and noted that "[t]his process prevents courts from reflexively revoking probation when it is established that a defendant has violated a condition of probation." *State v. Modtland,* 695 N.W.2d 602, 608 (Minn.2005). In determining whether the need for confinement outweighs the policies favoring probation, district courts should consider whether:

(i) confinement is necessary to protect the public from further criminal activity by the offender; or

(ii) the offender is in need of correctional treatment which can most effectively be provided if he is confined; or

(iii) it would unduly depreciate the seriousness of the violation if probation were not revoked.

*Modtland,* 695 N.W.2d at 607.

If a defendant violates a condition of probation or an intermediate sanction, a district court "may without notice revoke the stay and direct that the defendant be taken into immediate custody." Minn. Stat. § 609.14, subd. 1(a) (2006). If grounds for revocation are found to exist, a district court may, "if sentence was previously imposed and execution thereof stayed, continue such stay and place the defendant on probation or order intermediate sanctions in accordance with the provisions of section 609.135, or order execution of the sentence previously imposed." Minn.Stat. § 609.14, subd. 3(2) (2006). "[I]intermediate sanctions" include incarceration in a local jail. Minn.Stat. § 609.135, subd. 1(b) (2006). Under Minn. Stat. § 609.135, subd. 4, a district court "may, as a condition of probation, require the defendant to serve up to one year incarceration in a county jail ... or require the defendant to pay a fine, or both."

■ Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn. 1998). Application of a statute to the undisputed facts of a case involves a question of law, and the district court's decision is not binding on this court. *O'Malley v. Ulland Bros.,* 549 N.W.2d 889, 892 (Minn. 1996). "When interpreting a statute, we first look to see whether the statute's lan-

guage, on its face, is clear or ambiguous. A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation." *Am. Family Ins. Group v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000) (citation omitted). "A statute should be interpreted, whenever possible, to give effect to all of its provisions; 'no word, phrase, or sentence should be deemed superfluous, void, or insignificant.' " *Id.*

The record shows that the district court relied heavily upon its belief that section 609.135, subdivision 4, precluded it from imposing any additional jail time upon appellant when deciding to revoke appellant's probation because appellant had already served more than one year in jail. The transcripts of the probation-violation hearings clearly show that the district court considered alternatives to execution of appellant's sentence, including giving appellant more time in the county jail or imposing a shorter executed sentence. In its written order, the district court acknowledged that section 609.135, subdivision 4, permits it to, "as a condition of probation, require a defendant to serve up to one year in jail." But the district court ultimately concluded that it had "no choice but to revoke [appellant's] probation" because appellant "had already been required to serve in excess of one year in jail" as a condition of his stayed sentence and probation violations.

The district court's analysis is flawed, however, because there is a distinction between imposing jail as a condition of probation and imposing jail for violating probation. Section 609.135, subdivision 4, limits the amount of local jail time a district court can impose at one time, whether as a condition of probation or as an intermediate sanction, but the statute neither states nor implies that there is a limit to the cumulative amount of local jail time a district court may impose as a

consequence of probation violations. And this court "cannot add to a statute what the legislature purposely omits or inadvertently overlooks." *State v. Collins,* 655 N.W.2d 652, 661 (Minn.App.2003) (quotation omitted), *review denied* (Minn. Mar. 26, 2003). Therefore, we conclude that the district court erred when it concluded that Minn.Stat. § 609.135, subd. 4, precluded it from imposing additional local jail time as a consequence for appellant's probation violations. Because the district court relied so heavily on its erroneous interpretation of section 609.135, subdivision 4, when making its decision, we reverse and remand for resentencing in light of the correct interpretation. We take no position on the merits of the probation revocation.

## DECISION

The district court erred by concluding that Minn.Stat. § 609.135, subd. 4 (2006), imposed a limit on the cumulative amount of local jail time that may be imposed as a consequence of probation violations.

**Reversed and remanded.**