*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0690**

German N. Salgado Velasquez, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent

**Filed December 29, 2014
Affirmed
Worke, Judge**

Scott County District Court
File No. 70-CR-06-22930

Khanh Ngoc Nguyen, Bloomington, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Patrick J. Ciliberto, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Johnson, Judge; and Reyes, Judge.

# UNPUBLISHED OPINION

**WORKE**, Judge

Appellant challenges the district court's denial of his petition to withdraw his guilty plea. We affirm.

# FACTS

On November 28, 2007, appellant German N. Salgado Velasquez pleaded guilty to fifth-degree domestic assault. He was represented by counsel, completed and signed a petition to plead guilty, and was questioned by the district court before his plea was accepted. The petition did not mention immigration consequences that might result from the conviction, nor were any discussed on the record. Velasquez was placed on probation for up to one year; he was discharged from probation on November 25, 2008.

In September 2013, the Department of Homeland Security commenced deportation proceedings against Velasquez. The notice of removal contained no reference to his domestic-assault conviction; rather, the reason stated for deportation was that Velasquez is an undocumented immigrant.

In December 2013, Velasquez moved the district court to withdraw his plea and vacate his conviction. His submission was entitled a "motion" but internally referred to itself as a "petition for postconviction relief." Velasquez asserted that his plea was invalid because he was never advised of possible immigration consequences stemming from his plea. Velasquez stated that, because his conviction was a crime involving moral turpitude, he is disqualified from receiving a potential cancellation of removal, which might prevent his deportation.

The district court denied the motion on grounds that it was untimely and substantively without merit; it also concluded that Velasquez's submission was a motion

2

and not a petition for postconviction relief due to irregularities in filing. This appeal follows.

## D E C I S I O N

*Petition for postconviction relief*

The district court concluded that Velasquez's submission was a motion, not a petition for postconviction relief. We must resolve whether the submission comported with statutes governing petitions for postconviction relief. "Application of a statute to the undisputed facts of a case involves a question of law, and the district court's decision is not binding on this court." *State v. Johnson*, 743 N.W.2d 622, 625 (Minn. App. 2008).

When direct appeal is no longer available, a person convicted of a crime who claims that the conviction violated his rights may file a petition in the district court to vacate and set aside the judgment. Minn. Stat. § 590.01, subd. 1 (2012). The district court found Velasquez's submission defective as a postconviction petition because it: (1) was not entitled in the name of petitioner versus the state, (2) contained argument and citation of authorities, and (3) was not filed with an original document and three copies. *See* Minn. Stat. § 590.02 (2012) (setting out requirements of postconviction petitions).

However, section 590.02 also requires "a statement of the facts and the grounds upon which the petition is based and the relief desired[,]" "an identification of the proceedings in which the petitioner was convicted including the date of the entry of judgment and . . . disposition complained of[,]" and "the name and address of any attorney representing the petitioner." *Id.*, subd. 1. Velasquez's submission included all of these items.

3

Minn. Stat. § 590.03 (2012) directs that "[t]he [district] court shall liberally construe the petition and . . . shall look to the substance thereof and waive any irregularities or defects in form." While Velasquez's submission suffered from several flaws in form, it was in substance a petition for postconviction relief, and the district court should have construed it as such.

*Timeliness*

Velasquez next contends that the district court erred in concluding that his petition was time-barred, claiming that the interests-of-justice exception applies to his case. "In reviewing the district court's denial of postconviction relief, including a denial based on the two-year statutory limit, we review issues of law de novo but will not reverse factual findings unless clearly erroneous." *Vazquez v. State*, 822 N.W.2d 313, 315-16 (Minn. App. 2012).

Generally, a petition for postconviction relief may not be filed more than two years after judgment of conviction if no appeal was pursued. Minn. Stat. § 590.01, subd. 4(a)(1) (2012). An exception exists when "the petitioner establishes to the satisfaction of the court that the petition is . . . in the interests of justice." *Id.*, subd. 4(b)(5). The interests-of-justice exception applies only in exceptional circumstances and is based upon a flexible, multifactor analysis. *Gassler v. State*, 787 N.W.2d 575, 586-87 (Minn. 2010). But "[a]ny petition invoking [this] exception . . . must be filed within two years of the date the claim arises." Minn. Stat. § 590.01, subd. 4(c). "'Claim' refers to an event that supports a right to relief under the asserted exception." *Yang v. State*, 805 N.W.2d 921, 925 (Minn. App. 2011), *review denied* (Minn. Aug. 7, 2012). The date a claim arises is

4

based upon an objective "knew or should have known standard." *Sanchez v. State*, 816 N.W.2d 550, 560 (Minn. 2012). The date an interests-of-justice claim arises is a question of fact. *Id.*

The district court found that "at best, [Velasquez's] claim arose in 2010, when *Padilla* [*v. Kentucky*] was decided." *Padilla* held that failure of counsel to advise of immigration consequences stemming from a guilty plea is ineffective assistance of counsel. 559 U.S. 356, 374, 130 S. Ct. 1473, 1486 (2010). But *Padilla* does not have retroactive effect, *Campos v. State*, 816 N.W.2d 480, 499 (Minn. 2012), and cannot provide a basis for withdrawal of Velasquez's plea. Velasquez argues that he was not aware of a claim until he was placed into deportation proceedings, but Velasquez's subjective awareness does not control. *See Sanchez*, 816 N.W.2d at 558-59. Objectively, Velasquez should have known that he had a claim when his plea was accepted in the absence of any warning regarding potential immigration consequences. *See* Minn. R. Crim. P. 15.02, subd. 1(3) (stating that before a district court accepts a guilty plea a defendant must indicate understanding of potential immigration consequences). Velasquez could have supported a claim for relief after that time. The district court's conclusion that Velasquez's claim arose when *Padilla* was decided is erroneous in light of *Sanchez* and *Campos*, but because the actual date was even earlier, the error was harmless.

The interests-of-justice exception to the two-year time limit is unavailable, because more than two years has passed since Velasquez's claim arose. His petition is time-barred.

5

*Withdrawal of guilty plea*

Lastly, Velasquez argues that the district court erred in concluding that his petition was substantively without merit. "When reviewing a postconviction court's decisions, we examine only whether the postconviction court's findings are supported by sufficient evidence." *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007). A decision will be reversed only if the court abused its discretion, but issues of law are reviewed de novo. *Id*.

Following sentencing, a court must allow withdrawal of a guilty plea "upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice exists if the plea was not valid. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). A valid plea must be accurate, voluntary, and intelligent. *Id*. The defendant bears the burden of showing his plea was invalid. *Id*. The validity of a guilty plea is a question of law, reviewed de novo. *Id*.

Velasquez argues that his plea was not intelligent because he was never advised of potential immigration consequences. Minn. R. Crim. P. 15.02, subd. 1(3), requires the defendant to understand that "if the defendant is not a citizen of the United States, a guilty plea may result in deportation, exclusion from admission to the United States, or denial of naturalization." *Id*. But Velasquez has not established that he was not advised or that he did not understand the possible immigration consequences of his plea. Velasquez has provided no affidavit saying that he was not advised, nor is there any word from his attorney at the time. It is only Velasquez's present attorney who has submitted

6

an affidavit stating that he "believe[s] that [Velasquez] never received full and accurate advice regarding the adverse immigration consequences [Velasquez] would face if he pled guilty to misdemeanor domestic assault."

Velasquez's present attorney bases his belief on a review of two documents: the plea petition and the transcript of the plea hearing. While these documents contain no mention of the rule 15 immigration advisory, it is possible that Velasquez's attorney discussed immigration repercussions with him before entering his plea—on this record we do not know whether he did or did not. Whether certain words were recorded is not what matters; what matters is whether Velasquez's plea was intelligent, and it is his burden to show it was not.

Additionally, it is presumed that a defendant represented by counsel when entering a plea has been advised of his rights. *State v. Lorentz*, 276 N.W.2d 37, 38 (Minn. 1979); *see also State v. Propotnik*, 299 Minn. 56, 58, 216 N.W.2d 637, 638 (1974) (collecting cases supporting the presumption that when a "defendant had full opportunity to consult with his counsel before entering his plea, we may safely presume that counsel informed him adequately concerning" a right on which he was not "specifically" questioned); *cf. State v. Lopez*, 794 N.W.2d 379, 383 (Minn. App. 2011) (stating that when a defendant has no attorney "the duty of inquiry" falls upon the district court). Velasquez cannot overcome this presumption, because the belief of his present attorney alone, based upon a review of two documents, fails to address whether Velasquez actually discussed potential immigration consequences with his attorney before entering his plea.

7

Finally, even assuming that Velasquez was not warned of potential immigration consequences, the rule 15 immigration advisory concerns consequences that are the "result" of the plea. Minn. R. Crim. P. 15.02, subd. 1(3). Velasquez's conviction did not result in his potential deportation. The notice of removal states that the reason for deportation is that Velasquez is a citizen of Honduras who has never been admitted or paroled since entry into the United States about 14 years ago. In other words, he is being deported because he is here without permission, not because he was convicted of domestic assault. The sole provision of law cited in Velasquez's removal notice is INA § 212 (a)(6)(A)(i) (2013), entitled "Illegal entrants and immigration violators," which states that aliens "without admission or parole" are "inadmissible." It is section (a)(2) that discusses removal for aliens who commit crimes. The result of Velasquez's conviction is that he may not be able to avail himself of a possible ground for cancellation of his deportation. *See* 8 U.S.C.A. § 1229b (b)(1)(B), (C) (2014) (providing possible cancellation of removal if an alien is "of good moral character" and "has not been convicted of an offense" involving moral turpitude). There is no direct relationship between Velasquez's conviction and his deportation proceedings.

We conclude that the district court erred with regard to the nature of Velasquez's submission and the date his claim arose, but correctly concluded that Velasquez's petition is time-barred and substantively without merit.

**Affirmed.**