*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1188**

Hector Martinez, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 20, 2015
Reversed and remanded
Cleary, Chief Judge**

Dakota County District Court
File No. 19-T7-05-074161

Gregory S. Bachmeier, Maple Grove, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Alina Schwartz, Campbell Knutson, P.A., Eagan, Minnesota (for respondent)

Considered and decided by Stauber, Presiding Judge; Cleary, Chief Judge; and Hooten, Judge.

## UNPUBLISHED OPINION

**CLEARY**, Chief Judge

In this postconviction appeal, appellant challenges the district court's denial of his motion to withdraw his guilty plea for domestic assault under the manifest injustice

standard. Appellant argues that his guilty plea was not voluntarily or intelligently made because he was not advised as to the immigration consequences of his plea. Because we conclude the district court erred by failing to consider appellant's motion a petition for postconviction relief, we reverse and remand for further consideration by the district court.

## FACTS

Appellant Hector Martinez has been living in the United States since November 1999, when he entered the country illegally. In November 2005, Martinez pled guilty to fifth degree domestic assault and disorderly conduct. At the plea hearing, neither the court nor the defense attorney questioned Martinez as to whether he knew of or understood the deportation consequences of a guilty plea. In the transcript of the plea hearing, the court and the defense attorney both indicate that Martinez was only instructed as to the rights and consequences included in the plea petition form. The plea petition form that Martinez signed lacked any warning as to the deportation consequences of the guilty plea. The form apparently had not been updated to include the immigration-consequences language that should have been added in 1999, pursuant to 1998 amendments of Minn. R. Crim. P. 15. *See Amendments to Rules of Criminal Procedure*, No. C1-84-2137 (Minn. Aug. 21, 1998) (order). Martinez was sentenced to probation and a stay of adjudication on the fifth degree domestic assault charge.

On April 10, 2013, the Department of Homeland Security notified Martinez that he had been placed in removal (deportation) proceedings. To avoid removal, Martinez began to pursue an I-601A Application for Provisional Unlawful Presence Waiver with

2

the United States Citizenship and Immigration Services (USCIS). In preparing the I-601A waiver, a background check revealed that Martinez had pleaded guilty to fifth degree domestic assault. Under section 237(a)(2)(E) of the Immigration and Nationality Act, a guilty plea for domestic assault constitutes a deportable offense. 8 U.S.C. § 1227(a)(2)(E). USCIS will deny an application for an I-601A waiver if the applicant has a deportable offense on his record. USCIS, *Instructions for Application for Provisional Unlawful Presence Waiver* 6 (2015). Because Martinez could not be approved for the I-601A waiver with the guilty plea for domestic assault on his record, Martinez filed a motion to withdraw the guilty plea on May 27, 2014.

The district court held a brief motion hearing on the matter on June 25, 2014. At the hearing, the district court stated that, in order for Martinez to discuss whether his attorney had provided him with the immigration-consequences warning, Martinez would "have to file a petition for post-conviction relief so that the attorney could be here and be questioned; and you would have to request a hearing and I would have to decide whether or not I was even going to grant a hearing on the issue." The district court denied Martinez's motion the same day as the hearing. The entirety of the district court's order read "Motion to withdraw plea to domestic assault is denied. 1) 8 years after plea and prejudice to state; 2) Def. was represented by counsel and this is not a post-conviction competency of counsel." This appeal followed.

## DECISION

Minn. Stat. § 590.01, subd. 1(1) (2014) allows a person convicted of a crime, who claims the conviction was obtained in violation of the law, to file a petition in the district

3

court to vacate the judgment. The application of a statute to undisputed facts involves a question of law, which this court decides under a de novo standard of review. *State v. Johnson*, 743 N.W.2d 622, 625 (Minn. App. 2008).

A petition for postconviction relief must be entitled in the name of the petitioner versus the state of Minnesota. Minn. Stat. § 590.02 (2014). It must also include

> (1)  a statement of the facts and the grounds upon which the petition is based and the relief desired. . . .
> (2)  an identification of the proceedings in which the petitioner was convicted including the date of the entry of judgment and sentence or other disposition complained of;
> (3)  an identification of any previous proceeding, together with the grounds therein asserted taken on behalf of the petitioner to secure relief from the conviction and sentence or other disposition;
> (4)  the name and address of any attorney representing the petitioner. . . .

*Id.* "The court shall liberally construe the petition and any amendments thereto and shall look to the substance thereof and waive any irregularities or defects in form." Minn. Stat. § 590.03 (2014).

Martinez's motion met these basic statutory requirements of a petition for postconviction relief. Additionally, the only way to bring a post-sentence motion to withdraw a guilty plea based upon Minn. R. Crim. P. 15.05 is within a petition for postconviction relief. *James v. State*, 699 N.W.2d 723, 727 (Minn. 2005). Therefore, the district court should have treated Martinez's motion as a petition for postconviction relief under Minn. Stat. § 590.01. We remand for the district court to reconsider Martinez's motion.

4

As a threshold matter, several issues as to timeliness remain for the district court to decide. The district court appears to have dismissed Martinez's motion on the basis of the state's argument that the motion was untimely under the tests established for timeliness in rule 15.05. However, because a motion to withdraw a guilty plea after sentencing must be raised in a petition for postconviction relief, Martinez's motion is governed by the timeliness rules in Minn. Stat. § 590.01, subd. 4(a)-(c) (2014). *See Lussier v. State*, 821 N.W.2d 581, 591 n.2 (Minn. 2012) (holding that the timeliness of a motion to withdraw a guilty plea after sentencing is treated the same as the "manner in which delays in filing petitions for postconviction relief are treated.") (quoting *James v. State*, 699 N.W.2d 723, 728 (Minn. 2005)).

On remand, the district court should consider whether the state waived its timeliness defenses under Minn. Stat. § 590.01, subd. 4(a)-(c) by failing to raise them before the district court. *See Carlton v. State*, 816 N.W.2d 590, 601, 607 (Minn. 2012) (holding that the statute of limitations in Minn. Stat. § 590.01, subd. 4(c) may be waived by the state). If the district court determines that the state did not waive its defenses under Minn. Stat. § 590.01, subd. 4(a)-(c), then the district court should resolve whether Martinez's motion was timely according to Minn. Stat. § 590.01, subd. 4(a)-(c).

If the district court determines that Martinez's motion was timely filed, then the district court should grant Martinez an evidentiary hearing to determine whether Martinez received the immigration-consequences warning required by rule 15. We note that the district court should have considered from the outset whether Martinez's motion merited an evidentiary hearing. Minn. Stat. § 590.01 does not specifically require that a petition

5

for postconviction relief request an evidentiary hearing. Instead, when a petition for postconviction relief is filed, the court "shall promptly set an early hearing on the petition and response thereto, and promptly determine the issues." Minn. Stat. § 590.04, subd. 1 (2014). To merit an evidentiary hearing on a petition for postconviction relief, the petitioner must allege facts that, if proved by a fair preponderance of the evidence, would entitle him to the requested relief. *Roby v. State*, 547 N.W.2d 354, 356 (Minn. 1996). Where the petition alleges such facts, the court should not issue a summary dismissal of the petition. *State ex rel. Roy v. Tahash*, 277 Minn. 238, 245, 152 N.W.2d 301, 306 (1967). Courts must resolve any doubts about whether to conduct an evidentiary hearing in favor of the defendant seeking relief. *State v. Nicks*, 831 N.W.2d 493, 504 (Minn. 2013).

Martinez's motion clearly alleged that he had not received an immigration-consequences warning and that, as a result, his guilty plea was not intelligently made. These allegations were supported by Martinez's affidavit and the documents from the plea proceedings. To be valid, a guilty plea must be accurate, voluntary, and intelligent. *Kaiser v. State*, 641 N.W.2d 900, 903 (Minn. 2002). Therefore, if the facts of Martinez's case were proved, he could be entitled to the requested relief.

This court reviews for abuse of discretion a district court's decision to deny a motion to withdraw a guilty plea under Minn. R. Civ. P. 15.05, subd. 1. *Campos v. State*, 816 N.W.2d 480, 485 (Minn. 2012). We conclude that the district court abused its discretion by denying Martinez's request without considering whether he was entitled to an evidentiary hearing under Minn. Stat. § 590.01. If the district court concludes on

remand that Martinez's motion was timely filed, then the district court should conduct an evidentiary hearing to determine whether Martinez received the required immigration-consequences warning.

**Reversed and remanded.**